## THE LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, Plaintiff in Error, v. MARTIN PERRIN & COMPANY, Defendants in Error.

### SYLLABUS BY THE COURT.

1. PRACTICE—NEW TRIAL—NEGLECT OF ATTORNEY AS GROUND OF.— The neglect of attorneys of record to pursue and follow up the cases pending in courts of record, wherein they appear of record as attorneys in certain cases, by reason of which neglect default judgment is rendered against one of their clients, is not a ground for a new trial.

2. PRACTICE APPELLATE AND TRIAL—NEW TRIAL—DISCRETION OF TRIAL COURT.—The granting of a new trial being largely in the discretion of the trial court, a reviewing court will not disturb the ruling of such trial court on the question of granting a new trial, unless a clear case of an abuse of the judicial discretion is made out, or palpable error is apparent on the face of the record.

*Error* to the District Court of Bernalillo County, Second Judicial District. Affirmed.

Facts are stated in the opinion.

WARREN, FERGUSSON & GILLETT for plaintiff in error.

1. "The setting aside of a default is in the sound discretion of the court, a discretion intended to supply remedial justice in cases, the circumstances of which can not be clearly foreseen, and upon which the judge must act when they arise. This discretion is a legal discretion, not to be exercised through caprice, prejudice, ignorance or carelessness, but for the promotion of justice. It is a kind of equitable principle applied to the practice of courts, and is never to be exercised to defeat, hinder, obstruct or embarrass justice. It ever extends its hand to aid in obtaining right and resisting wrong; otherwise it is a discretion abused, which an

appellate court will hasten to correct. Furtherance of right is the object of all judicial discretion. Were it not so the courts would be the most odious of tyrants, to be dreaded by all suitors asking nothing but justice." Metzger v. Waddell, 4 N. M. 400.

In the above case the court uses the following language: "Motions of this kind are addressed to the sound discretion of the court, and in all ordinary cases where merit is shown, the courts consider it the exercise of a sound discretion to grant such motion. In the effort to administer justice which is the plain duty of all courts, such a motion is never refused unless there is no merit in the defense set up, or there has been gross negligence on the part of the defendant. In the effort to administer justice, courts must look to the rights of all the parties litigant, and be guided by the lights of the decision of other courts upon similar questions, under similar circumstances.

"Each case must depend upon its own circumstances. And while such matters are addressed to the discretion of the lower court, it is still a legal discretion, to be exercised in a manner to subserve the ends of justice." Titus v. Larsen, 51 Pac. 351; McGowan v. Kreling, 48 Pac. 980.

And where defendant or counsel has been misled and default is taken, the default should be set aside. Craig v. San Bernardino Inv. Co., 35 Pac. 558; Vol. 6, Am. and Eng. Enc. Pl. and Pr. 172 and citations.

R. W. D. Bryan for defendant in error.

1.  An order refusing to vacate a former order is not appealable. Lowenstein v. North Schuylkill Mut. Fire Ins. Co., 20 Atlantic Rep. (Pa.) 688.

This court will not review an order of the circuit court in refusing to vacate an appealable order. Vert v. Vert, 54 N. W. Rep. (S. D.) 655.

This court will not take jurisdiction of an order of the district court refusing to vacate an appealable order made

by the district court.  Travelers' Ins. Co. v. Weber, 50 N. W. Rep. (N. D.) 703.

An order refusing a new trial and dismissing the motion therefor, being appealable, an order refusing to set aside said order is not appealable.  Larkin v. Larkin, 18 Pac. Rep. (Cal.) 396.

The Supreme Court will not take jurisdiction of an appeal from an order refusing to set aside a judgment or order which is itself appealable.  Tripp v. Santa Rosa St. R. R. Co., 11 Pac. Rep. (Cal.) 219.

In California the trial court has no power to review its own order setting aside a judgment for want of service of summons.  Litigation must have an end.  It is true that there are some cases in which a trial court may review its own action, but such cases are prescribed by statute, and the trial court is confined to such cases and has no power to review in other cases.  Hanson v. Hanson, 20 Pac. Rep. (Cal.) 736; Carpenter v. Superior Court, 19 Pac. Rep. (Cal.) 174; Wunderlin v. Codogan, 17 Pac. Rep. (Cal.) 713.

An order refusing to set aside and vacate an order denying a new trial is not an appealable order.  Little v. Leighton, 48 N. W. (Minn.) 778.

2.  Should the court notwithstanding the above point, decide to take jurisdiction, it is respectfully submitted that the trial court committed no error in overruling said motion for the reason that the rules of court at that time required such motions to be decided during the term of court at which the case was decided, unless expressly continued.  No. 29 of Rules of Practice for the District Courts, in force January 1, 1894.

3.  The plaintiff in error in his brief, filed in this court, seems to assume that the appeal is from the order denying the motion for a new trial.  Even if such was the case, it is submitted that such an order is not reviewable in this appellate court.

A motion for a new trial in the courts of the United States, is addressed to the discretion of the court that tried the cause,

and the action of that court in granting or refusing to grant such a motion can not be assigned for error here. Railway v. Heck, 102 U. S. 120; Laber v. Cooper, 7 Wall. 565; Ayers v. Watson, 137 U. S. 584.

An appeal does not lie from an order refusing to grant a motion to open a default or refusing to set aside a judgment by default, as such orders lie in discretion. Hirsh v. Weisberger, 44 Mo. App. 510; McAllister v. Kuhn, 96 U. S. 87; Hitchcock v. Superior Ct., 73 Cal. 295.

A party who desires to review an order granting a new trial should except thereto, and appeal from the final judgment. Smith, Etc., Im. Co. v. Wheeler, 27 Mo. App. 16.

A motion for a new trial in the Federal courts is addressed to the discretion of the court and the decision of the court, in granting or refusing the motion, alone, is not the proper subject of a bill of exceptions. The universal rule of practice is that matters resting entirely in the discretion of the trial court, are not reviewable in the appellate court. Coleman v. Bell, 4 N. M. 21; see also Vasques v. Spiegelberg, 1 N. M. 464.

4. Should it be contended that the appeal in this case was from the final judgment, and that on that ground this court could review the action of the trial court, the following considerations are respectfully submitted:

a. The appellate court will require substantial grounds of error before it will reverse the action of the trial court.

Every consideration of expedience and justice is opposed to the opening up of cases in which judgment by default has been entered unless it be made to appear prima facie that the judgment as it stands is unjust. Parrott v. Den, 34 Cal. 79.

A decision on conflicting affidavits raising questions of fact only will rarely or never be reversed on appeal. Swanstrom v. Mervin, 38 Minn. 359; Poirier v. Gravel, 88 Cal. 79; Palmer v. Harris, 98 Ill. 507.

Where a jury is waived and a trial had before the court, so far as its decisions of questions of fact is concerned, its verdict will not be set aside nor the judgment founded there-

upon reversed, where there is any evidence whatever on which its findings of fact could have been based. Zans v. Stover, 2 N. M. 29.

b.  The trial court properly denied the motion for a new trial for the reason that there was not filed a sufficient affidavit of merits.

The affidavit of merits must set forth that the defendant had "fully and fairly stated the facts of the case." Fitzhugh v. Truax, 1 Hill (N. Y.) 644; Encyclopedia of Pleading and Practice, Vol. 1, page 360.

c.  The trial court properly denied the motion for a new trial for the reason that the affidavits did not show sufficient excuse for having made the default.

The negligence of defendant's attorney is not a reasonable excuse.  Smith v. Turnstead, 56 Cal. 175; Schultz v. Meiselbar, 144 Ill. 26; Kreite v. Kreite, 93 Ind. 583; Bilbinger v. Taylor, 64 Mo. 63.

A default can not be open on the ground of a mistake either in defendant or in his counsel.  Crammond v. Roosevelt, 2 John's cases (N. Y.) 282.

Gross negligence of the defendant is sufficient ground for denying his application for relief against a judgment by default.  Ordway v. Sichard, 31 Iowa 481; Garner v. Erlanger, 86 Cal. 60; Metzger v. Waddell, 1 N. M. 400.

The pending offer of a compromise is not a sufficient excuse for a failure to appear.  Goldsberry v. Carter, 28 Ind. 59.

d.  The trial court properly denied the motion for a new trial for the reason that the affidavits and the answer of the garnishee, the plaintiff in error, show that the defense set up is without merit.

It is manifest from the record that the plaintiff in error and the defendant in the original suit, Lockhart, combined to defeat the garnishment, by collusive assignments; that the plaintiff in error did not hear of the pretended assignments until after service of the writ of garnishment and until after it had been notified of the garnishment proceedings; that the plaintiff in error looses nothing if made to pay this judgment

for the reason that it is protected by its agent's bond for any shortage in his accounts; that Lockhart was no longer the agent of the plaintiff in error when he presumed to consent, on behalf of the plaintiff in error, to his assignment of the policy; that the assignment to Buck was wholly without consideration; that the subsequent assignment by Buck to Moore was wholly unauthorized and operated to vacate and annul all possible validity of the prior assignment; that the plaintiff in error was not legally bound to pay the debts of Lockhart to other companies which were secured by his bond as agent.

In passing on the question as to whether or not a meritorious defense has been presented, the court will examine all the record of the case and hear testimony, if necessary, and if there does not clearly appear that there is a meritorious defense, the court will not set aside the default. Osborn v. Gehr, 46 N. W. Rep. (Neb.) 84; Coffey v. Carter, 27 Pac. Rep. (Kan.) 128; Union Central Life Ins. Co. v. Lipscomb, 27 S. W. Rep. (Tex.) 307; Welton v. Littlejohn, 29 At. Rep. (Pa.) 871; Encyclopedia of Pleading and Practice, Vol. 6, page 181 et seq.

e.   The trial court properly denied the motion for a new trial for the reason that the record and the evidence show a lack of good faith on the part of the plaintiff in error.

The applicant must not only show a reasonable ground for opening the default, but the burden is upon him to establish his good faith otherwise than simply by an affidavit of merits. Deane v. Loucks, 58 Hun. (N. Y.) 556.

5.   All doubts will be resolved in favor of the affirmance of the judgment.

If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit, in foro legis, when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. Baily v. Taaffe, 29 Cal. 424.

An application to set aside a judgment by default presupposes the validity of the judgment. Durham v. Moore, 48

Kan. 135; Huston Tp. Co-Operative M. F. Ins. Co. v. Beale, 110 Pa. St. 324.

A writ of error will not lie at common law to review a judgment by default. Smith v. French, 46 Conn. 239; Turner v. Putnam, 31 Me. 557.

The statutory appeal or writ of error from all "final judgments" has been held to include and authorize appeals from judgments by default, but greater strictness is exercised in such cases and the writ of error will not be encouraged. Encyclopedia of Pleading and Practice, Vol. 6, page 227.

LELAND, A. J.—This cause comes into this court on error to the district court of Bernalillo county. Plaintiff in error seeks to have a default judgment of the lower court reversed, because of alleged error committed by the lower court in refusing to vacate and set aside its such default judgment. Plaintiff below recovered a default judgment against defendant below in a proceeding in garnishment for the sum of $344.66, together with costs. Defendant below first filed a motion for a new trial, which motion was heard and overruled by the trial court. Then a motion for a rehearing on the motion for a new trial was heard, and this motion was overruled. Affidavits and counter-affidavits were heard by the court in the hearing of the motion for a new trial. To reverse these various rulings and judgment of the court defendant prosecutes error.

Defendant in error has filed a motion herein to dismiss the writ of error in this case, as they contend, pursuant to the provisions of sub-sections 172-173 of 2685 of the Compiled Laws of 1897. We can find no language in either of those sub-sections that we think would warrant this court in such a ruling. Those sections are remedial, and very broad language is used by the Legislature in their construction, and the rule that all remedial laws shall be liberally construed will not be departed from in this case. Therefore, the motion to dismiss the writ of error is overruled and dismissed, and the case retained in this court to be decided on its merits.

Plaintiff in error sets out four specific assignments of error, which are as follows, to wit:

1. The court erred in allowing defendant in error to take a default against plaintiff in error at the time said judgment was taken and allowed.

2. The court erred in refusing to set aside the default against plaintiff in error.

3. The court erred in refusing plaintiff in error a new trial of this cause.

4. The court erred in refusing plaintiff in error a new trial upon its motion for a new trial.

For the purposes of this case, there is no reason why we can not consider all of the above assignments of error as one question. The contention of counsel for plaintiff in error, that the particular member of the law firm who had charge of this case was taken by surprise, we do not think a valid legal argument in support of a motion for a new trial. In the case of How v. Bodman, 1 Disney's Report, a Cincinnati case, the court say that "The mistake or error or neglect of counsel are not within the rule ; they are acts of the client, and are not sufficient to justify the court in granting a new trial on this ground." The assignment of error apparently relied on by plaintiff in error in its brief "That the court erred in refusing plaintiff in error a new trial of this case" must be determined from the whole record of the case, together with the affidavits and counter-affidavits made a part of the record.

PRACTICE: New trial: neglect of attorney as ground of.

The judgment below was rendered by the court after it had obtained jurisdiction of plaintiff in error, the rule day to plead had passed, and plaintiff below was clearly entitled to move the trial court for a judgment by default, and there is no error apparent in the record as to the phase of the case.

Then the only phase of the case remaining to be determined is, did the lower court err in refusing to grant a new trial on the application and showing made by plaintiff in error? The lower court having had before it the affidavit of

PRACTICE: appellate and trial: new trial: discretion of trial court.

merit of plaintiff in error, together with numerous other affidavits, as well as the affidavit of attorney of defendant in error, overruled the motion for a new trial. The rule by which courts are governed in the matter of vacating default judgments and granting new trials thereon, we understand to be substantially as follows, to wit: Where a default judgment has been rendered and a motion is made by the defendant to vacate such judgment and grant a new trial, the motion must be supported by showing a good and valid existing defense to plaintiff's claim and a lawful justification for his absence from the court, covering the time of the rendition of such judgment. The fact that the neglect of the attorney is in law the neglect of the client, and the fact that the neglect of the attorney in a case is not a ground for a new trial; the case at bar must be decided without our passing on the merits or demerits of the proposed defense set out in the affidavit of plaintiff in error, and the case will be determined on the question of neglect of plaintiff in error to pursue his defense. The record discloses the fact that plaintiff in error had an agent and three lawyers employed in the city of Albuquerque, the county seat of Bernalillo county, to look after this business, and in the face of this fact it certainly does not lie in defendant's mouth to complain of surprise in the matter of a default judgment with so many "watchmen on the walls." The granting of a new trial being largely in the discretion of the trial judge, this court will not disturb the rulings of a trial court, unless there is a clear case made of an abuse of the discretion or palpable error apparent on the face of the record.

We are, therefore, of the opinion that there is no error apparent on the record, and that the case made by plaintiff in error is not strong enough to warrant this court in reversing the action of the trial court.

Wherefore the judgment of the district court is affirmed.

Mills, C. J., Parker and McFie, JJ., concur.